**GLICKMAN v. De BERRY. (No. 7275.)**

Court of Civil Appeals of Texas. Austin. Nov. 14, 1928.

Emil Corenbleth, of Dallas, for appellant.
Fred J. Dudley & Associates and F. B. Davenport, all of Dallas, for appellee.

McCLENDON, C. J. Sole question presented: In an action by landlord against tenant brought after expiration of the lease, for breach of tenant's express covenant to repair, is the cost of repair the proper measure of damages?

The cases cited by appellant involve leases in which the lessee has covenanted only to surrender premises in like condition as received, usual wear and tear excepted. There the measure of damages is the injury to the freehold.

The same measure is applied to an express covenant by the tenant to repair where the landlord has not himself made the repairs, and the suit is brought during the term of the lease. Fagan v. Whitcomb (Tex. App.) 14 S. W. 1018; 36 C. J. p. 168, § 802.

Where, however, the landlord has made the repairs, or the lease has expired, the rule is that the covenant to repair renders the tenant "liable to the extent of the amount required to do what he covenanted to do, but did not do." Martinez v. Thompson, 80 Tex. 568, 16 S. W. 334; 36 C. J. p. 168, § 802 and note 25. See, also, notes and citations in 64 L. R. A. pp. 665–667, and 16 L. R. A. (N. S.) pp. 210, 211.

The trial court's judgment is affirmed.

Affirmed.