NATIONAL BANK OF DETROIT *v.* VOIGT ESTATE.

1. ESTATES OF DECEDENTS—LANDLORD AND TENANT—FUTURE RENT, TAXES, INSURANCE, REPAIRS—CONTINGENT CLAIMS.

Claim of lessor for amounts to become due and payable' in the future under 99-year lease for rent, taxes, insurance premiums and expenses for repairs is a liability of deceased lessee upon a fixed and definite contract in writing, and is not a contingent claim, since its existence or nonexistence does not depend upon some future event which may or may not happen, and, therefore, statutory provisions relating to contingent claims have no application (CL 1948, § 708.25 *et seq.*).

2. LANDLORD AND TENANT—DEATH OF LESSEE.

Death of the holder of the lessee's interest does not entitle the lessor to additional security or benefits not provided for in the lease and not enjoyed by the lessor during deceased's lifetime, such as having the lessee's assets sequestered or a surety bond furnished to guarantee payments becoming due in the future.

3. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATES—LANDLORD AND TENANT—REPAIRS.

Lessors are not entitled to the cost of making repairs under a 99-year lease which the lessee was obligated to make, as a fifth-class claim against the estate of the deceased lessor where there is no proof of injury done to the reversion.

4. LANDLORD AND TENANT—MEASURE OF DAMAGES—INJURY TO RE-VERSION.

Injury done to the reversion, not cost of making repairs, is the measure of damages in an action begun by landlord before termination of the lease.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 32 Am Jur, Landlord and Tenant §§ 65, 431.
[3, 6] 21 Am Jur, Executors and Administrators § 294.
[5] 32 Am Jur, Landlord and Tenant § 816.
[7] 14 Am Jur, Costs § 11.

5. SAME—REPAIRS—ACTION AT END OF TERM—MEASURE OF DAMAGES.
   The cost of making repairs becomes the measure of damages
   in an action by the landlord at the expiration of the term of
   a lease imposing obligation on tenant to make repairs.

6. ESTATES OF DECEDENTS—LANDLORD AND TENANT—REPAIRS—CON-
   TINGENT CLAIM.
   Estimated cost of repairs presently necessary under 99-year
   lease is ordered to be retained by administrator of estate
   of deceased lessee who was obligated to make them, to insure
   payment of the claim if and when it shall become absolute,
   as the situation at the end of the lease resulting from the
   failure to make repairs, is now uncertain, inasmuch as the
   estate may have the repairs made (CL 1948, § 708.26).

7. COSTS—LANDLORD AND TENANT—ESTATE OF DECEDENTS—NEITHER
   PARTY PREVAILING IN FULL.
   No costs are allowed in landlord's proceeding against estate of
   deceased lessee, where neither party has prevailed in full.

Appeal from Wayne; Brennan (Leo J.), J., presiding. Submitted June 4, 1959. (Docket No. 29, Calendar No. 48,016.) Decided November 24, 1959. Rehearing denied January 13, 1960.

Claim by National Bank of Detroit, Leonard Borin and Claudia Borin, executors of the will of Jacob Borin, deceased, and National Bank of Detroit and Theodore Levin, surviving trustees under the will of Nathan Borin, deceased, against the estate of Augusta L. Voigt, deceased, the Detroit Bank & Trust Company, administrator, for future rent, taxes, insurance premiums and repairs under terms of lease. Claim allowed as contingent, and provisions to insure payment in future ordered. Defendant estate appeals. Reversed and remanded for allowance of present expense of repairs as contingent claim.

*Levin, Levin, Garvett & Dill* (*Earlmont H. Dill, Gordon I. Ginsberg* and *Frank H. Janiga,* of counsel), for plaintiffs.

*Leo J. Carrigan,* for defendant.

DETHMERS, C. J.    Plaintiffs are the executors of the will of Jacob Borin, deceased, and the trustees under the will of Nathan Borin, deceased. The 2 decedents died possessed of the lessor's interest in a 99-year lease of real estate. Defendant bank is the administrator *c.t.a.* of the estate of Augusta L. Voigt, deceased, who held the lessee's interest at her death. Involved in this matter are plaintiffs' claims, filed against defendant estate, for rent, taxes, insurance premiums and expenses for repairs to become due and payable in the future under the lease. The probate court disallowed the claims. On appeal the circuit court allowed them. Defendant appeals.

The circuit court allowed the claims as "contingent claims", applying the provisions of CL 1948, § 708.25 *et seq.* (Stat Ann 1943 Rev § 27.3178[435] *et seq.*), and ordered defendant bank, as fiduciary of the Voigt estate:

"to retain in his possession funds and assets of the estate to pay the same as and when it becomes absolute; and further ordering said fiduciary not to close the estate until the appellants' contingent claim has become absolute and an opportunity for its presentation and its allowance given as provided by law, or until any liability on the part of the estate upon such claim has been terminated, or until appellant-claimant has been fully and adequately protected by the giving of a surety bond in such amount and in such form as may meet the approval of the probate court for the county of Wayne, conditioned for payment of said contingent claim."

Plaintiffs urge *In re Beecher's Estate,* 113 Mich 667, in support of the circuit judge's holding that the claims are contingent. In that case "The question presented is one simply of power." Did the probate court, upon application of the administrator of an estate holding the lessee's interest in a 100-year lease, have the power to authorize him, as it did in that case,

to compromise the lessor's continuing claim for rent and, in effecting that compromise, to purchase the leased property for the estate? The statute in effect at that time expressly provided therefor, as it does now. No problem was presented as to whether the claim for rent in *Beecher* was contingent or absolute or whether the lessor was entitled to have assets of lessee's estate set aside to meet future rent. Following the plain language of the statute, the Court simply held that the probate court did have power to make the order for compromise settlement and purchase requested by the administrator, rejecting the claim that the heirs were thereby deprived of vested rights to have the money of the estate divided among them rather than to have it invested in the real estate. That is not the problem in the instant case. The decision in *Beecher* is of no assistance here.

Plaintiffs also urge 2 divorce cases, *Braffett* v. *Braffett,* 308 Mich 506, and *LaBarge* v. *LaBarge,* 312 Mich 157, in support of their position. A holding that the possible right to future alimony, which the chancery court granting the decree may at any time increase, decrease or terminate, gives rise to a claim of such contingent nature as to come within the meaning of the statute here invoked is no authority for a like holding with respect to the express and specific obligations assumed by a lessee under a lease.

In the case of *In re Estate of Jeffers,* 272 Mich 127, plaintiffs were the vendors in a land contract and decedent the vendee. Plaintiffs filed a claim against decedent's estate for the unpaid balance under the contract, and filed a chancery action seeking to have a trust impressed in the amount of such claim upon the assets of the estate. The 2 matters were considered together on appeal here. With respect to plaintiffs' claim in that case this Court, in denying them the relief prayed for, said (p 136):

"Plaintiffs' claim was not a contingent claim (*Osmun* v. *Oakland Circuit Judge,* 107 Mich 27); it was a liability upon a fixed and definite contract in writing. Its existence or nonexistence did not depend upon some contingency which might never happen (24 CJ p 293), a contingent claim being one where the liability depends upon some future event which may or may not happen, and, therefore, makes it now wholly uncertain whether there ever will be a liability. *Sargent's Adm'r* v. *Kimball's Adm'r,* 37 Vt 320.

"A contingent claim is one which does not exist but may possibly hereafter arise, one whose possible existence depends upon an uncertain future event—upon a contingency.

"The claim here involved was not contingent, but absolute—fixed by definite contract in writing signed by the deceased in his lifetime, and, therefore, the statutory provisions (CL 1929, §§ 15708–15723) relating to contingent claims have no application."

Plaintiffs here say that the quoted language was not necessary to decision in *Jeffers,* and was "dictum in its entirety." That this Court did not then think so, as we do not now, appears from the statement in the *Jeffers* opinion (p 137) that the bill of complaint "asks substantially the same relief in equity that might have been had in probate court had plaintiffs' claim been a contingent one properly proved and established." Dictum or not, we deem it expressive of a sound view of the law, which effectuates the manifest intent of the legislature in enacting the statutory provisions here considered. Plaintiffs say, however, that even if it be held, in accord with *Jeffers,* that the claims here are not contingent, they are, nevertheless, entitled to the relief granted below under CL 1948, § 708.25 (Stat Ann 1943 Rev § 27-.3178[435]) because that section no longer speaks in terms of "contingent claims" as it did at the time of *Osmun* v. *Oakland Circuit Judge,* 107 Mich 27,

relied upon in the *Jeffers* opinion, and that the section expressly applies to rent to become due under a lease. The difficulty for plaintiffs is that that is not the section providing for retention of funds in an estate for the payment of future claims. It provides only, with respect to such claims for rent, that, as done in *Beecher,* the administrator *may* compromise the claim and, if he wishes and the court approves, he *may,* in effecting such compromise, purchase the property for the estate. As before noted, that is not the problem in this case. It is the next section upon which plaintiffs must rely for power in the court to order retention of estate assets, as done by the circuit court in this case, to meet future payments when due. That section, as is true also of the succeeding sections, makes no mention of rent as such but speaks in express terms of "contingent claims". Hence the applicability of *Jeffers* to the case at bar.

We hold that the claims for amounts to become due in the future under the lease are not contingent, and that the court erred in granting the relief it did under the statute here considered. Death of the holder of the lessee's interest does not entitle the lessor to additional security or benefits not provided for in the lease and not enjoyed by the lessor during lessee's lifetime, such as having the lessee's assets sequestered or, in lieu thereof, a surety bond to guarantee payments becoming due in the future.

The circuit court also allowed as an absolute fifth class claim the sum of $15,000 as the amount necessary to place the building on the leased premises in good condition and repair at the present time, which the court found the lessee had failed but was required to do under the lease. This amount was allowed on the strength of testimony of plaintiffs' witnesses that they estimated that the cost of necessary repairs would come to that total. Plaintiffs have not made these repairs. If they were allowed and

paid this sum, there is no assurance that they would make the repairs during defendant's tenancy. If necessary to defendant's use and enjoyment of the premises defendant might be left with the necessity of making these repairs after having paid plaintiffs for them. Clearly plaintiffs are not entitled to payment of the cost of such repairs under such circumstances. No proofs of injury done to the reversion were adduced. In an action begun before termination of the lease, that, not cost of repairs, is the measure of damages. *Pennsylvania Cement Co.* v. *Bradley Contracting Co.* (CCA2), 11 F2d 687; *Glickman* v. *DeBerry* (Tex Civ App 1928), 11 SW2d 367; *Bloom* v. *Southern Amusement Company,* 228 La 44 (81 S2d 763). It follows that plaintiffs have made no case for allowance of this item as an absolute claim. In the *Pennsylvania Cement Case* it was said, however (p 688), that:

"At the expiration of the term the rule changes, and the cost of the repairs becomes the measure of damages."

Because the situation at the end of the lease, resulting from defendant's failure at this time to make the repairs presently necessary, is now uncertain, inasmuch as defendant may make the necessary repairs before the lease expires, the claim therefor may now be deemed to be contingent, rendering the above considered statutory provisions applicable. Because the measure of damages at the end of the lease would be the cost of repairs, that sum, as now established by the proofs, cannot be said to be an unfair amount to be required to be retained in the hands of the fiduciary to insure payment of the claim if and when it shall become absolute, or until the repairs have been made by defendant. Such retention should be required.

Reversed and remanded for entry of orders in accord herewith. No costs, neither party having prevailed in full.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.