VARNEY v GENESSEE COUNTY SHERIFF (ON REMAND)

Docket No. 95217. Submitted September 18, 1986, at Lansing. Decided December 2, 1986.

Plaintiff, Warren Varney, brought an action in the Genesee Circuit Court against defendants, John O'Brien, Genesee County Sheriff, and seven of his deputies, including Gerald Safford, alleging assault, excessive force, destruction of evidence and deprivation of civil rights in regard to an incident in which plaintiff was arrested for alleged drunk driving. Pursuant to the local court rules, the case was mediated and the value of plaintiff's claim was assessed at $7,500. Both parties rejected the mediation award and the case went to trial. The jury returned a verdict in favor of all the defendants on Counts I and II. Under Count III, the civil rights count, only defendant Safford was found liable. The jury, however, did not assess damages against Safford since it found that the disciplinary action which had been taken against Safford by the sheriff's department had been appropriate. A judgment on the verdict was thereafter entered. Following trial, the trial court, Thomas C. Yeotis, J., recognizing that he had made a partly erroneous reply to a question posed by the jury during its deliberations, said that he would cure the error by approving plaintiff's motion for additur. The amount of additur which the trial court granted was $1. Both parties then moved for attorney fees. The trial court granted both motions, offsetting the fees, and found that defendants owed plaintiff $5.23. In granting plaintiff's motion for fees under 42 USC 1988, the court stated that it had not considered the issues on which plaintiff had not prevailed. The court also found that only $786.25 of the actual costs of $7,815.14 presented by the plaintiff was recoverable under § 1988. Plaintiff moved for reconsideration of the trial court's disposition of attorney fees and, two years after the

REFERENCES

Am Jur 2d, Civil Rights § 16.

Construction and application of Civil Rights Attorneys' Fees Awards Act of 1976 (amending 42 USCS § 1988), providing that court may allow prevailing party, other than United States, reasonable attorney's fee in certain civil rights actions. 43 ALR Fed 243.

court's original opinion, the trial judge reversed himself. The court held that § 1988 governed such an award to the exclusion of county and state court rules. The court therefore denied defendants' motion for attorney fees and granted plaintiff attorney fees of $14,667 and costs of $786.25, for a total of $15,453.25. Defendants appealed from the order granting plaintiff attorney fees and denying attorney fees to defendants. The Court of Appeals held, inter alia, that the local court rule regarding mediation had been preempted by 42 USC 1988 and that the trial court therefore had properly reversed its initial decision regarding attorney fees, 147 Mich App 397 (1985). Defendants sought leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded to the Court of Appeals for reconsideration in light of *Marek v Chesny,* 473 US —; 105 S Ct 3012; 87 L Ed 2d 1 (1985). 426 Mich 855 (1986).

On remand, the Court of Appeals *held:*

Both 42 USC 1988 and the Genesee Circuit Court Rule 29 should be utilized by the trial court in assessing costs. The case is remanded to the circuit court for assessment of costs.

Remanded.

CIVIL RIGHTS — COSTS — ATTORNEY FEES — CONFLICT OF LAWS.

A federal civil rights statute which provides that a prevailing plaintiff should ordinarily recover attorney fees unless special circumstances would make such an award unjust and that a prevailing defendant in a civil rights case may recover attorney fees only if the trial court, in its discretion, determines that the suit was vexatious, frivolous or brought to harass does not preempt a local court rule which allowed a defendant to collect costs and attorney fees incurred after mediation; both the federal statute and the local court rule should be utilized in assessing costs against the parties (42 USC 1988).

*James R. Buckley, P.C.* (by *James R. Buckley* and *J. Michael Buckley*), for plaintiff.

*Buck & Mangapora* (by *Douglas I. Buck* and *Michael J. Mangapora*), for defendants.

ON REMAND

Before: R. B. BURNS, P.J., and R. M. MAHER AND BRONSON, JJ.

R. B. BURNS, P.J. This case comes to us by the way of a remand from the Supreme Court for reconsideration in the light of *Marek v Chesny,* 473 US —; 105 S Ct 3012; 87 L Ed 2d 1 (1985).

Plaintiff brought this action against the Genesee County Sheriff and seven named deputies for assault without lawful authority, excessive force, destruction of evidence, and deprivation of civil rights under 42 USC 1983. Pursuant to local court rule, the case was mediated and the value of plaintiff's claim was assessed at $7,500. The parties rejected the mediation award and the case was tried.

At trial, during its deliberation, the jury sent a handwritten note to the judge asking if it could "find liability without compensatory or punitive damages." The judge responded in handwriting on the same note, "You should attempt to complete the seven sheets comprising the verdict forms and you may find whatever amount of damages the evidence warrants whether it be none, nominal or any other amount."

The jury returned a verdict in favor of all defendants on Counts I and II. Under Count III, the civil rights count, only defendant Safford was found liable. The jury did not assess damages against Safford. The foreman of the jury, in reciting the verdict, was allowed to explain why the jury found no damages. The foreman stated that the jury had found that the disciplinary action taken against Safford by the sheriff's department had been "appropriate."[1]

In the days that followed the trial, the parties made several posttrial motions. After hearing, the

---

[1] At trial, Sheriff O'Brien testified that Safford was disciplined because he falsely certified that plaintiff had refused to take a Breathalyzer test. A drunk driving charge against plaintiff was then dismissed because plaintiff never received the opportunity to take the

trial judge, in a written opinion, substantially ruled against plaintiff on almost all issues. The court recognized that its reply to the jury's question during deliberation had been partly erroneous. In *Carey v Piphus,* 435 US 247; 98 S Ct 1042; 55 L Ed 2d 252 (1978), the Court held that the deprivation of constitutional rights not shown to have resulted in actual damages entitles the plaintiff to an award of nominal damages. The trial judge said he would cure the erroneous instruction by approving plaintiff's motion for additur. The amount of additur which the trial judge granted was $1.

Plaintiff made a posttrial motion requesting that the trial court grant attorney fees to him pursuant to 42 USC 1988. Defendants moved to have attorney fees and costs awarded to them pursuant to GCR 1963, 316 and Genesee Circuit Court Rule 29, because plaintiff had rejected the mediation award. Originally, the trial court granted both motions and, offsetting the fees, found that defendants owed $5.23 to plaintiff.

In granting plaintiff's motion for attorney fees under § 1988, the court stated it had not considered the issues on which plaintiff had not prevailed. Also, plaintiff had presented actual costs totalling $7,815.14, but the trial court granted costs only for the amount of $786.25. The court explained that some of plaintiff's actual costs had been for docket fees, deposition expenses, witness expenses and the cost of charts and maps. The court found that these costs were not recoverable under 42 USC 1988.

Plaintiff then moved for reconsideration of the trial judge's disposition of the issue of attorney fees. Two years after the court's original opinion,

Breathalyzer test. Safford was suspended from work without pay for two weeks because of the incident.

the trial judge reversed himself and stated that the policy considerations which were promoted by 42 USC 1988 prohibited defendants from recovering attorney fees and that § 1988 governed to the exclusion of county or state court rules. The trial court disallowed defendants' motion for attorney fees and granted plaintiff attorney fees in the amount of $14,667 and costs in the amount of $786.25 for a total of $15,453.25.

We held that the local court rule had been preempted by 42 USC 1988.

In *Marek v Chesny, supra,* the Supreme Court was confronted with the issue of whether attorney fees incurred by a plaintiff subsequent to an offer of settlement under Federal Rule of Civil Procedure 68 must be paid by the defendant under 42 USC 1988 when the plaintiff recovers a judgment less than the offer.

The Court held:

> Here, respondents sued under 42 USC § 1983. Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 USC § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees "as part of the costs." Since Congress expressly included attorney's fees as "costs" available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68. This "plain meaning" interpretation of the interplay between Rule 68 and § 1988 is the only construction that gives meaning to each word in both Rule 68 and § 1988.
>
> Unlike the Court of Appeals, we do not believe that this "plain meaning" construction of the statute and the Rule will frustrate Congress' objective in § 1988 of ensuring that civil rights plaintiffs obtain "effective access to the judicial process." *Hensley v Eckerhart,* 461 US 424, 429, 76 L Ed 2d 40, 103 S Ct 1933 (1983), quoting HR Rep No. 94-1558, p 1 (1976). Merely subjecting civil rights

plaintiffs to the settlement provision of Rule 68 does not curtail their access to the courts, or significantly deter them from bringing suit. Application of Rule 68 will serve as a disincentive for the plaintiff's attorney to continue litigation after the defendant makes a settlement offer. There is no evidence, however, that Congress, in considering § 1988, had any thought that civil rights claims were to be on any different footing from other civil claims insofar as settlement is concerned. Indeed, Congress made clear its concern that civil rights plaintiffs not be penalized for "helping to lessen docket congestion" by settling their cases out of court. See HR Rep No. 94-1558, p 7 (1976). [473 US —.]

Genesee Circuit Court Rule 29 provides:

In the event both parties reject the evaluation of the mediation board and the judgment or verdict is within 10 percent above or below the mediation board's evaluation, each party shall be responsible for his own costs from the date of mediation. Should the verdict or judgment be more than 10 percent above the evaluation of the mediation board, the Defendant shall be taxed actual costs, and should the verdict or judgment be more than 10 percent below the evaluation of the mediation board, the Plaintiff shall be taxed actual costs.

In our opinion both 42 USC 1988 and the Genesee Circuit Court Rule 29 should be utilized by the court in assessing costs.

The case is remanded to the circuit court for assessment of costs.