X v PETERSON

Docket No. 213392. Submitted October 14, 1999, at Marquette. Decided March 17, 2000, at 9:25 A.M.

    Mr. X and others brought a civil rights action under 42 USC 1983 against Therese M. Peterson and others in the Iron Circuit Court. The parties accepted a mediation evaluation that awarded money to the plaintiffs. The court, John D. Payant, J., dismissed the action pursuant to MCR 2.403(M), denying the plaintiffs attorney fees and costs they requested under 42 USC 1988. The plaintiffs appealed.

    The Court of Appeals *held*:

    1. The trial court erred in determining that the plaintiffs were not prevailing parties who could seek reasonable attorney fees under 42 USC 1988. A prevailing party is one who has succeeded on any significant claim affording it some of the relief sought, either pendente lite or at the conclusion of the litigation. At a minimum, to be considered a prevailing party within the meaning of 42 USC 1988, the plaintiff must be able to point to a resolution of the dispute that changes the legal relationship between itself and the defendant. In this case, the mediation award favorably changed the plaintiffs' legal relationship with the defendants by creating an enforceable right to a money award.

    2. The plaintiffs' decision to accept the mediation award constituted a waiver of their right to collect fees under 42 USC 1988. MCR 2.403 does not conflict with, and is not preempted by, 42 USC 1988. Under MCR 2.403(M)(1), the parties' acceptance of a mediation award disposes of all claims in the action and includes all fees, costs, and interest.

    Affirmed.

1. CIVIL RIGHTS — FEDERAL CIVIL RIGHTS ACT — PREVAILING PARTIES — ATTORNEY FEES.

    A prevailing party, other than the United States, in any action or proceeding to enforce a provision of 42 USC 1983 may, at the trial court's discretion, be awarded reasonable attorney fees as part of its costs; a prevailing party is one who has succeeded on any significant claim affording it some of the relief sought; at a minimum, a prevailing plaintiff must be able to point to a resolution of the dis-

pute that changes the legal relationship between itself and the defendant (42 USC 1988).

2. CIVIL RIGHTS — FEDERAL CIVIL RIGHTS ACT — MEDIATION — ATTORNEY FEES.

A prevailing party in a Michigan action or proceeding to enforce the provisions of 42 USC 1983 waives its right to an award of attorney fees under 42 USC 1988 upon the entry of an order of judgment or dismissal that disposes of the case following the parties' acceptance of a mediation evaluation (MCR 2.403[M][1]).

*Peter W. Ryan, P.C.* (by *Mikael G. Hahner*), for the plaintiffs.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *John Wm. Mulcrone* and *William J. Ewald*), for the defendants.

Before: GRIFFIN, P.J., and SAWYER and SMOLENSKI, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order dismissing their suit after all parties in this civil rights action accepted a mediation panel's proposed award. We affirm.

Plaintiffs challenge the trial court's order denying them attorney fees and costs under the Civil Rights Attorney's Fees Awards Act, 42 USC 1988. First, plaintiffs contend that the trial court erred in ruling that plaintiffs were not prevailing parties as defined in the fees act because they accepted the mediation award, voluntarily settling the case. We agree with plaintiffs' contention. Subsection b of the fees act states in pertinent part, "In any action or proceeding to enforce a provision of [42 USC 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." In *Texas State Teachers Ass'n v Garland Independent School Dist*, 489 US 782, 791; 109 S Ct 1486; 103 L Ed 2d 866 (1989), the Supreme Court

explained that a "prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either pendente lite or at the conclusion of the litigation." The Court concluded that, "at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at 792. The mediation award in this case favorably changed plaintiffs' legal relationship with defendants by creating an enforceable right to a money award. Accordingly, we conclude that the trial court erred in determining that plaintiffs were not prevailing parties within the meaning of the fees act.

While we agree with plaintiffs that they were prevailing parties, we reject plaintiffs' contention that they are not precluded from an award of costs and attorney fees under the fees act, because the fees act preempts the operation of MCR 2.403. We review preemption issues de novo. *Saginaw Co v John Sexton Corp of Michigan*, 232 Mich App 202, 214; 591 NW2d 52 (1998). The Supremacy Clause, US Const, art VI, cl 2 provides that federal laws take precedence over state laws by express preemption, conflict preemption, or field preemption. *Ryan v Brunswick Corp*, 454 Mich 20, 27-28; 557 NW2d 541 (1997). Here, plaintiffs rely on conflict preemption, arguing that MCR 2.403(M)(1) conflicts with the objectives of the fees act. "In the absence of an express congressional command, state law is pre-empted if that law actually conflicts with federal law . . . ." *Cippollone v Liggett Group, Inc*, 505 US 504, 516; 112 S Ct 2608; 120 L Ed 2d 407 (1992). "Congressional intent is the cornerstone of preemption analysis." *Ryan, supra* at 27.

Contrary to plaintiffs' contention on appeal, we cannot conclude that MCR 2.403 actually conflicts with the fees act. Rather, the trial court can utilize both the federal statute and the state court rule. See, e.g., *Varney v Genessee Co Sheriff (On Remand)*, 156 Mich App 539; 402 NW2d 57 (1986) (both the fees act and the local circuit court rule should be utilized by the trial court in assessing costs). In *Evans v Jeff D*, 475 US 717, 729-738; 106 S Ct 1531; 89 L Ed 2d 747 (1986), the Supreme Court held that Congress did not intend the fees act to ban fee waivers and that parties may use a fee waiver as a condition for settling a civil rights action. See also *Venegas v Mitchell*, 495 US 82, 88; 110 S Ct 1679; 109 L Ed 2d 74 (1990) ("just as we have recognized that it is the party's entitlement to receive the fees in the appropriate case, so have we recognized that as far as § 1988 is concerned, it is the party's right to waive, settle, or negotiate that eligibility"). Here, plaintiffs' decision to accept the mediation award pursuant to MCR 2.403 constituted a waiver of their right to collect fees under the fees act as recognized in *Venegas*. MCR 2.403(M)(1) provides that an accepted mediation award "dispose[s] of all claims in the action and includes all fees, costs, and interest to the date it is entered." It is for the mediation panel to decide if costs, fees, or interest should be included in any evaluation under MCR 2.403. *Larson v Auto-Owners Ins Co*, 194 Mich App 329, 332; 486 NW2d 128 (1992). If the mediation panel declines to award costs or fees, the mutual acceptance of the mediators' evaluation waives the subsequent raising of the issue of costs or fees in the trial court. *Id.* Accordingly, we conclude that the mutual acceptance of the mediators' evalua-

tion under MCR 2.403 waived plaintiffs' right to request additional attorney fees pursuant to the fees act in a subsequent trial court proceeding.[1]

Affirmed.

---

[1] It appears that plaintiffs incurred the claimed attorney fees and costs after they accepted the mediation evaluation, but before defendants accepted the evaluation. On appeal, plaintiffs have not raised, and we shall not address, whether the trial court properly extended the deadline to accept or reject the mediation award.